U.S. COURT OF APPEALS
FILED
JUN 28 1999
CHARLES R. FULBRUGE III
CLERK

UNITED STATES COURT OF APPEALS
For the Fifth Circuit

No. 97-20619

HOUSTON CONTRACTORS ASSOCIATION; BEYER CONSTRUCTION, Beyer Construction, Inc.,

        Plaintiffs - Appellees,

versus

METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY; ET AL.,

        Defendants,

METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY,

        Defendant - Appellee,

versus

UNITED STATES OF AMERICA; U. S. DEPARTMENT OF TRANSPORTATION; FEDERAL TRANSIT AUTHORITY,

        Movants - Appellants,

KOSSMAN CONTRACTING COMPANY INCORPORATED,

        Plaintiff-Appellee,

versus

METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY; ET AL.,

        Defendants,

METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY,

        Defendant-Appellee,

versus

UNITED STATES OF AMERICA; U.S. DEPARTMENT OF TRANSPORTATION;

FILED
SEP 17 1999
MICHAEL N. MILBY, CLERK OF COURT
U.S. DISTRICT COURTS DISTRICT OF TEXAS
307

FEDERAL TRANSIT AUTHORITY,

                      Movants-Appellants,

---

Case No. 98-20002

---

HOUSTON CONTRACTORS ASSOCIATION; BEYER CONSTRUCTION, Beyer Construction, Inc.,

                      Plaintiffs-Appellees,

versus

METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY; ET AL.

                      Defendants,

METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY,

                      Defendant-Appellant,

MENENDEZ-DONNELL & ASSOCIATES INCORPORATED,

                      Intervenor-Appellant,

---

KOSSMAN CONTRACTING COMPANY INCORPORATED

                      Plaintiff - Appellee,

versus

METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY; ET AL

                      Defendants,

METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY,

                      Defendant - Appellant,

and

MENENDEZ-DONNELL & ASSOCIATES INCORPORATED,

                      Intervenor - Appellant,

2

ClibPDF - www.fastio.com

---

Case No. 98-20021

---

HOUSTON CONTRACTORS ASSOCIATED; ET AL.,

        Plaintiffs,

HOUSTON CONTRACTORS ASSOCIATION,

        Plaintiff - Appellee,

versus

METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY; ET AL,

        Defendants,

METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY,

        Defendant - Appellant,

---

Appeals from the United States District Court
for the Southern District of Texas

---

(H-93-CV-3651)

---

Before POLITZ, HIGGINBOTHAM, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge:[*]

Houston Contractors Association (HCA) filed this suit against Metropolitan Transit Authority of Harris County, Texas (METRO), a public agency, to challenge METRO's disadvantaged business enterprise (DBE) program as unconstitutional. The United States sought to intervene in the suit on grounds that the suit called into question the validity of the Intermodal Surface Transportation

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Efficiency Act of 1991 (ISTEA) and the Department of Transportation's implementing regulations. The district court denied the government's motion to intervene. The district court later granted HCA's motion for summary judgment and permanently enjoined METRO from administering its DBE program. The court also entered an order awarding HCA $917,724.24 in attorneys' fees and costs. We vacate these orders and remand this case to the district court for further proceedings.

I.

The district court enjoined METRO's entire DBE program. METRO's program was financed in part by federal funds. The federal regulations conditioned the receipt and use of these funds upon compliance with the federal DBE program. The federal regulations only required application of the federal DBE program to contracts funded in whole or in part by federal funds. METRO applied its DBE program not just to those federally funded contracts, but to all METRO contracts.

The United States argues that the district court should have allowed it to intervene in this lawsuit pursuant to FRCP 24(a)(1) and 28 U.S.C. § 2403(a), which provide the United States with an unconditional right to intervene in any lawsuit that challenges the constitutionality of a federal law. *See Fuel Oil Supply & Terminaling v. Gulf Oil Corp.*, 762 F.2d 1283, 1286 n.5 (5th Cir. 1985). The United States insists that it had the unconditional

4

right to intervene because this lawsuit called into question the constitutionality of the federal DBE program provided for by ISTEA and its implementing regulations, pursuant to which METRO received federal funds.

HCA counters that it never challenged a federal statute; it simply challenged a local affirmative action program. Therefore, it never called ISTEA or its regulations into question, so FRCP 24(a)(1) and 28 U.S.C. § 2403(a) do not apply.

The statute does not require METRO to accept the federal funds and, by doing so, to become subject to federal DBE guidelines. But the federal statute authorizes METRO to accept the funds on that condition, "and action pursuant to a valid authorization is valid." *Milwaukee County Pavers Ass'n v. Fiedler*, 922 F.2d 419, 423 (7th Cir. 1991). We agree with the government that to the extent that HCA attacked the portion of METRO's program that assigns DBE percentage goals to contracts financed in whole or in part with federal funds, HCA attacked ISTEA and its implementing regulations. Consequently, the district court should have allowed the United States to intervene under FRCP 24(a)(1) and 28 U.S.C. § 2403(a). Because the district court erred by not permitting the intervention, the summary judgment is vacated and the case remanded insofar as the judgment enjoined the DBE program as applied to contracts financed in whole or in part by federal funds. On remand, the United States should be allowed to intervene and

5

participate in the case. *See Marshall v. Local 299*, 617 F.2d 154, 156 (6th Cir. 1980); *Miami Health Studios, Inc. v. City of Miami Beach*, 491 F.2d 98, 100 (5th Cir. 1974).

## II.

We turn next to the challenge to the portion of the summary judgment declaring the DBE program unconstitutional as applied to non-federally funded contracts.

METRO's affirmative action program should be analyzed under the strict scrutiny standard. Under strict scrutiny, affirmative action programs pass constitutional muster if they are narrowly tailored to serve a compelling interest. *See Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 227 (1995). The judicial inquiry into compelling interest is different when a local entity, rather than Congress, utilizes a racial classification. While Congress has the authority to address problems of nationwide discrimination with legislation that is nationwide in application, *see City of Richmond v. Croson*, 488 U.S. 469, 504 (1989), a state or local government has only "the authority to eradicate the effects of [] discrimination within its own legislative jurisdiction." *Id.* at 491-92. Thus, in analyzing the purely local component of METRO's DBE program, the question to be resolved is whether METRO crafted a narrowly tailored program to serve the compelling interest presented in its locality.

Preliminarily, however, this court will not affirm a summary

6

judgment unless it is "convinced, after an independent review of the record, that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Clay v. FDIC*, 934 F.2d 69, 71 (5th Cir. 1991) (quotation marks and citations omitted). If any material facts are disputed, summary judgment is improper, and it is not the function of this court to weigh the evidence or resolve material fact disputes. *See id.*

Our review of the summary judgment record reveals a sharp conflict regarding how METRO's DBE program operates in practice. According to METRO's evidence, its DBE program is an outreach program instituted to reach DBE participation goals. That is, all that is required of the contractors is that they contact DBEs and give them an opportunity to bid as subcontractors on the project. HCA's witnesses, on the other hand, contend that METRO coerced prime contractors into using race and sex in selecting subcontractors as a condition to securing METRO contracts. HCA contends that the participation percentages were not "goals"; they require contractors to meet a coercive quota. Moreover, according to HCA, once it receives a METRO contract, if a prime contractor does not satisfy METRO's DBE requirements during the course of the project, it faces serious repercussions.

It is clear from the district court's order that it based its decision on HCA's version of the facts--that Metro's affirmative action plan was a coercive quota program. The summary judgment

7

record contains genuine issues of material fact that preclude this view of the program.  We therefore vacate the summary judgment declaring Metro's DBE program unconstitutional as applied to non-federally funded contracts.  We also vacate the injunction predicated on this conclusion.  We remand this case to the district court for further proceedings consistent with this opinion.

VACATED and REMANDED.

8